**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

JEROME KING,

Plaintiff,

v. CIVIL ACTION NO. 5:26-cv-00181

OFFICER GEARHART,

Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is *pro se* Plaintiff Jerome King's Objections [ECF 9][1] to the Proposed Findings and Recommendation ("PF&R") entered by the Honorable Omar J. Aboulhosn, United States Magistrate Judge, on August 13, 2026. [ECF 6]. Also pending are Mr. King's Motions for a subpoena: (1) for the psychology records from FCI Beckley after 2/1/2025 [ECF 10], (2) for the incident report written on 2/1/2025 [ECF 11], (3) for the video footage of the incident on 2/1/2025 between 8:25 p.m. through 9:25 p.m. in Oak A Lower [ECF 12], (4) for medical records at FCI Beckley on 2/1/2025, pertaining to injury suffered on that date [ECF 13], (5) for the photos taken on 2/4/2025 by Captain Metzer of injuries from 2/1/2025 [ECF 14], (6) for the hospital records from 2/2/2025 from Raleigh General Hospital [ECF 15], (7) for the MRI records taken on 10/2/2025 by Raleigh General Hospital [ECF 16], and (8) for the FCI Beckley policy on correctional officers securing inmate in cells before count time [ECF 17], all filed on September 8, 2026.

---

[1] For simplicity, any document cited from the original case, *King v. Warden*, No. 5:25-cv-00732 (S.D. W. Va.), will be labeled as *Warden*, followed by the ECF number. Any document filed in the instant case will simply be referred to by its ECF number.

**I.**

This action was previously referred to Magistrate Judge Aboulhosn for submission of a PF&R. Magistrate Judge Aboulhosn filed his PF&R on August 13, 2026, in which he addressed Mr. King's Bivens claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). [ECF 6]. Magistrate Judge Aboulhosn recommended the Court (1) deny Mr. King's Application to Proceed Without Prepayment of Fees or Costs [ECF 5], (2) dismiss Mr. King's Complaint [ECF 1], and (3) remove this matter from the docket. [ECF 6 at 9]. On August 25, 2026, Mr. King filed a Motion for Extension of Time to File Appeal [ECF 7]. On August 27, 2026, the Court granted Mr. King's Motion [ECF 7] and directed him to file any objections to the PF&R [ECF 6] on or before September 30, 2026. [ECF 8]. Mr. King objected to the PF&R [ECF 6] on September 8, 2026. [ECF 9].[2]

**II.**

Under *Federal Rule of Civil Procedure* 72(b)(2), "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). A district judge is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In particular, "a general objection . . . is insufficient to avoid waiver." *Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (explaining "other circuits have held that the failure to raise an

[2] The Court notes Mr. King filed the same claim in *Warden*. In that case, Magistrate Judge Aboulhosn entered his PF&R [*Warden*, ECF 7] on February 25, 2026. Mr. King did not timely object to the PF&R, and the Court dismissed the matter and entered judgment on May 12, 2026. [*Warden*, ECF 9; *Warden*, ECF 10]. On September 8, 2026, the same document labeled as Objections to Proposed Findings and Recommendations was filed in both *King v. Gearhart*, No. 5:26-cv-00181 (S.D. W. Va.) and *Warden*, however, the objections appear to be specifically for *Gearhart*. [*Warden*, ECF 12 at 1; ECF 9 at 1] ("Comes now Jerome King petitioner pro se petitioning objections to the decision of case file 5:26-cv-00181.").

objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review") (internal quotation marks omitted); *see also Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988). A court, therefore, need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

**III.**

Mr. King does not appear to make any cognizable or substantive objections to the PF&R that warrant review. His "objections" do not appear to specifically object to Magistrate Judge Aboulhosn's particular findings and recommendations as written in the PF&R [ECF 6], rather, Mr. King appears to simply offer a general explanation as to why he did not timely file objections to the PF&R in his prior case of *King v. Warden*, No. 5:25-cv-00732 (S.D. W. Va.). [ECF 9].

On December 12, 2025, Mr. King originally filed a Complaint under *Bivens* in *Warden*. In that case, Magistrate Judge Aboulhosn entered his PF&R on February 25, 2026. [*Warden*, ECF 7]. Objections were due by March 16, 2026; however, Mr. King did not timely object to the PF&R. [*See id.*]. Rather, on March 9, 2026, Mr. King filed a Motion to Dismiss Complaint and Refile New Bivens Action Suit in Response to Proposed Findings and Recommendations. [*Warden*, ECF 8]. In his Motion to Dismiss [*Warden*, ECF 8], Mr. King contended he "messed up by naming extra defendants" and moved for dismissal of the case in order to file a subsequent claim naming the correct defendant. [*Id.* at 1]. The same day, March 9, 2026, Mr. King filed such claim, naming Officer Gearhart as the sole defendant. [ECF 1]. On May

12, 2026, the Court dismissed the matter in *Warden* and entered judgment. [*Warden*, ECF 9; *Warden*, ECF 10].

In his Objections [ECF 9], Mr. King contends there have "been a lot of problems with the way legal mail is handled here at FCI Beckley," and that a correctional officer had access to read his legal mail inasmuch as the officer told Mr. King "it looks like you're not going to get paid for that lawsuit you're trying to file against Gearhart." [ECF 9 at 2] (internal quotation marks omitted). Mr. King contends the reason he was unable to file his objections in the original case was due to him being "on lockdown for a serious fight." [*Id.* at 1]. Mr. King explained the reason he included the Warden and Acting Warden Messenger in his original claim was "because they were Gearhart['s] superiors at the time when [Mr. King's] 8th and 14th amendments were violated." [*Id.* at 2]. Additionally, Mr. King contends he "was unable to purchase mailing stamps to send [his] objections because of the serious lockdown that extended from February 17[], 2026[,] to March 18[], 2026." [*Id.*]. Mr. King requests the Court "review and rehear [his] case due to the fact [he] was unable to respond succinct[ly], diligently, and lawfully because [he] was on lockdown for an extended period of time." [*Id.*].

The PF&R objections in *Warden* were due on March 16, 2026. [*Warden*, ECF 7]. Mr. King contends he was unable to object as stated above, however, he filed his Motion to Dismiss [*Warden*, ECF 8] on March 9, 2026, a week before the PF&R [*Warden*, ECF 7] objections were due. In fact, in his Motion to Dismiss [*Warden*, ECF 8], Mr. King states "[o]n February 27[], 2026, I received the proposed findings and recommendation that was filed on February 25[], 2026." [*Warden*, ECF 8 at 1]. Accordingly, there appear to be no actual, specific objections to Magistrate Judge Aboulhosn's PF&R [ECF 6] in the instant case.

**IV.**

Based on the foregoing discussion, the Court **OVERRULES** Mr. King's Objections [**ECF 9**], **ADOPTS** the PF&R [**ECF 6**], **DENIES AS MOOT** Mr. King's Motions for a subpoena [**ECF 10**; **ECF 11**; **ECF 12**; **ECF 13**; **ECF 14**; **ECF 15**; **ECF 16**; **ECF 17**], **DENIES** Mr. King's Application to Proceed Without Prepayment of Fees or Costs [**ECF 5**], **DISMISSES** Mr. King's Complaint [**ECF 1**], and **DIRECTS** the Clerk to remove this matter from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 16, 2026

Frank W. Volk
Chief United States District Judge